ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF MARCH 15, 1988, ASKING FOR AN OFFICIAL OPINION REGARDING WHETHER THE COMMISSION CAN LAWFULLY UTILIZE THE LANGUAGE OF 59 O.S. 858-312(8) (1981) TO PREVENT AN APPLICANT FOR A CORPORATE REAL ESTATE LICENSE FROM USING THE NAME OF A LICENSEE OF THE COMMISSION PREVIOUSLY REVOKED BY THE COMMISSION, WHERE THERE APPEARS TO BE A FAMILIAL RELATIONSHIP BETWEEN THE APPLICANT AND THE LICENSEE WHOSE AUTHORITY TO ENGAGE IN THE REAL ESTATE BUSINESS WAS REVOKED.
IN REVIEWING THE MATTER ON A PRELIMINARY BASIS WITH THE LIAISON FROM THIS OFFICE WITH YOUR AGENCY, KATHLYN RHODES, IT HAS COME TO MY ATTENTION THAT YOU HAVE PREVIOUSLY DISCUSSED THE MATTER WITH HER, AND ALSO THAT THE "POLICY" YOU REFER TO IN YOUR LETTER DOES NOT APPEAR TO EVER HAVE BEEN FORMALLY ADOPTED AND PROMULGATED AS A RULE, AS WOULD BE REQUIRED UNDER THE ADMINISTRATIVE PROCEDURES ACT FOR IT TO HAVE LEGAL FORCE AND EFFECT. ACCORDINGLY, THE MATTER THEN MUST DEVOLVE INTO AN EXAMINATION OF WHETHER THE CONDUCT IN QUESTION IS ADEQUATELY COVERED UNDER THE STATUTE IN QUESTION. THIS STATUTE IS A GENERAL STATUTE DESIGNED TO ATTEMPT TO COVER TYPES OF CONDUCT NOT SPECIFICALLY SET FORTH IN THE LAW AS THE TYPE OF ACTIVITIES THAT WOULD PERMIT YOUR AGENCY TO TAKE DISCIPLINARY ACTION AGAINST A LICENSEE.
WHETHER THE ACTS YOU REFER TO WOULD CONSTITUTE SUCH "UNTRUSTWORTHY, IMPROPER, FRAUDULENT, OR DISHONEST DEALINGS," AS SET FORTH IN SECTION 59 O.S. 858-312(8) IS ULTIMATELY A QUESTION OF FACT THAT WOULD HAVE TO BE ADJUDICATED ON A CASE-BY-CASE BASIS, AFTER A FACTUAL REVIEW OF THE MATTER, AS THE COMMISSION HAS NO LAWFULLY PROMULGATED RULE SETTING FORTH A GENERAL PROHIBITION TO SUCH AN ACTION. THIS OFFICE IS FORBIDDEN BY LAW TO MAKE SUCH FACTUAL DETERMINATIONS IN THE FORMAT OF A FORMAL OPINION.
HOWEVER, I ALSO BELIEVE THAT THE COMMISSION, SHOULD IT ATTEMPT TO ENFORCE THE UNWRITTEN, INFORMAL "POLICY" THAT YOU REFER TO IN YOUR LETTER, MAY WELL FIND THAT A COURT REVIEWING ITS DECISION WOULD FIND THAT IT HAS NO AUTHORITY TO DO SO, DUE TO ITS LACK OF A FORMAL RULE. THE DISTRICT COURTS IN THE STATE HAVE BEGUN TAKING DIM VIEWS OF AGENCY "POLICIES" THAT ARE, IN REALITY, RULES THAT HAVE NOT BEEN PROPERLY PROMULGATED. I AM PERSONALLY FAMILIAR WITH TWO LAWSUITS THAT THIS OFFICE HAS RECENTLY BEEN INVOLVED IN ON BEHALF OF THE HEALTH PLANNING COMMISSION WHERE THE DISTRICT COURTS HAVE RULED FORMALLY THAT RULES NOT PROMULGATED IN ACCORD WITH THE ACT'S REQUIREMENTS ARE NULL AND VOID.
I SUGGEST THAT YOU CONFER AGAIN WITH MS. RHODES AND SEE IF THERE IS SOME FACTUAL BASIS FOR THE UTILIZATION OF THIS STATUTE OR IF ANY OTHER LAW IS APPLICABLE TO THIS SITUATION AND THEN ACT ACCORDINGLY. IF YOU HAVE ANY QUESTIONS ABOUT THIS LETTER OR THE REASONS BEHIND WHY THIS OFFICE CANNOT RESPOND TO YOU BY THE ISSUANCE OF A FORMAL OPINION, PLEASE FEEL FREE TO CALL ME AT YOUR CONVENIENCE, OR TO CONTACT MS. RHODES.
(MICHAEL SCOTT FERN)